IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MORGAN GREGORY ROBINSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08CV159 |
| | ) | 1:05CR343-1 |
| UNITED STATES OF AMERICA, | ) | 1:05CR344-1 |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF MAGISTRATE JUDGE ELIASON

Petitioner Morgan Gregory Robinson, a federal prisoner, has filed motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in both of his criminal cases. (1:05CR343-1, Docket No. 50; 1:05CR344-1, Docket No. 49.)[1] Petitioner was charged in separate indictments with robbing two different branches of the Central Carolina Bank on May 27, 2003, and June 26, 2003, in violation of 18 U.S.C. § 2113(a). (Both cases, Docket No. 1.) He pled not guilty and proceeded to a jury trial, where he was convicted of both robberies. Petitioner was sentenced to 228 months of imprisonment in 1:05CR343-1 (Docket No. 34) and a consecutive term of 34 months in 1:05CR344-1 (Docket No. 34). Following unsuccessful direct appeals, Petitioner filed his present motions under § 2255. Respondent has filed responses seeking to have the motions denied (1:05CR343-1, Docket No. 57; 1:05CR344-1, Docket No. 56) and Petitioner has filed replies (1:05CR343-1,

---

[1]This and all further cites to the record are to the criminal cases.

Docket No. 59; 1:05CR344-1, Docket No. 58). Petitioner's motions are now before the Court for decisions.

## **DISCUSSION**

Petitioner raises only a single claim for relief in his motions. He asserts that he received ineffective assistance of counsel when trial counsel failed to look into obtaining a handwriting expert to counter a similar expert used by Respondent at trial. He argues in his supporting memorandum that Respondent's handwriting expert was the entire case against him and the only way that he was linked to the bank robberies. He faults counsel for not challenging the expert further.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's

-2-

unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Respondent's response to Petitioner's claim is two-fold. First, it takes issue with his contention that the handwriting evidence was the only evidence tying Petitioner to the bank robberies. As it correctly notes, Cedrick Jackson, who had known Petitioner for several years, recognized Petitioner from a surveillance photo taken during the second robbery. He could not remember Petitioner's name initially, but learned it from another person and then called the police with the information. (1:05CR343-1, Docket No.41 at 90-92; 1:05CR344-1, Docket No. 40 at 90-92.) A police officer also met Petitioner at a later date and immediately recognized him from the photographs. (1:05CR343-1, Docket No. 41 at 101; 1:05CR344-1, Docket No. 40 at 101.) Finally, the bank surveillance photographs, along with a photograph of Petitioner known to have been taken about a month after the second robbery, was given to the jury for examination. (1:05CR343-1, Docket No. 41 at 95; 1:05CR344-1, Docket No. 40 at 95.)

In addition to the handwriting evidence and the evidence just described, circumstantial evidence tied the two robberies. The mode of the robberies was similar and the demand notes, which contained unusual characteristics, were quite similar to each other.

As for the handwriting evidence itself, an FBI expert made a positive identification between Petitioner's handwriting exemplars and the second demand note. She could only say that Petitioner's

-3-

Case 1:05-cr-00344-JAB    Document 59    Filed 09/23/08    Page 3 of 6

writing contained certain features also found in the first note. (1:05CR343-1, Docket No. 41 at 129; 1:05CR344-1, Docket No. 40 at 129.) She did admit that the first note also contained some unique features not found in Petitioner's handwriting. (1:05CR343-1, Docket No. 41 at 134; 1:05CR344-1, Docket No. 40 at 134.)

In response to this evidence, Petitioner put on a defense that hinged on an injury he suffered four days before the second robbery. He had hurt his left hand and right arm seriously and argued that, had he been the robber, the injury would have been obvious because he had stitches and bandages from surgery. There was no evidence that the robber had been so injured. Ultimately, this line of defense did not carry the day.

Respondent's second response to Petitioner's argument is based on an affidavit from his former counsel. In that affidavit, former counsel agrees that he did not seek to obtain a handwriting expert as a witness. However, he did purchase a book titled <u>Forensic Handwriting Identification</u>, which he read twice prior to trial. Counsel later cross-examined the expert at trial. Additionally, he then found witnesses to testify regarding Petitioner's injury. Counsel notes that the real problem in defending Petitioner was the surveillance photographs from the bank, which clearly showed Petitioner's face. Respondent contends that counsel's purchase of the book, his cross-examination of the expert, and his presentation of the obvious injury defense were sufficient to meet the <u>Strickland</u> standards set out above.

In his reply brief, Petitioner focuses mainly on the lack of certain types of evidence--fingerprints, DNA--to continue to argue that Respondent's case against him was weak absent the handwriting evidence. He also attacks the strength of Jackson's identification of him as the robber in the second robbery for the same purpose. He maintains that the purchase of the book by counsel was not enough and that a defense expert was required in order to present a proper defense.

Petitioner's ineffective assistance claim fails both prongs of the Strickland test. Here, although the handwriting evidence was not insignificant, it was certainly not the only evidence against Plaintiff. Indeed, the bank surveillance photographs, which were given to the jury to examine along with a photograph of Petitioner taken at the time of his arrest about a month after the second robbery, would have been the clearest evidence one way or the other in the trial. Counsel chose to attack these photographs and the related identification of Petitioner by Jackson by attempting to use Petitioner's stitched and bandaged hands as a defense. Essentially, the situation facing counsel was that the testimony of the government's handwriting expert would matter much less if he could show that Petitioner was not the person in the bank photographs. Likewise, expert testimony as to the author of the note would matter little if Petitioner clearly was the person in the photographs. In those circumstances, counsel's actions in representing Petitioner by concentrating on the photographic

-5-

evidence and the identifications of Petitioner did not fall below a reasonable standard for defense attorneys.

For similar reasons, Petitioner cannot demonstrate prejudice. He has produced no evidence that a handwriting expert, had one been obtained by the defense, would have given beneficial testimony. His claim is purely speculative in that regard.[2] Moreover, whoever authored the notes, the real question in the case was the identity of the person passing those notes during the robberies. The evidence on that point was supplied by the photographs and Jackson. The jury apparently sided with Respondent on this issue. Handwriting testimony would not have changed this. If Petitioner was the person in the photographs, he committed the robberies no matter who authored the note. The jury apparently concluded that he was. Petitioner can show neither poor performance by counsel nor any prejudice. For this reason his claim fails and his motions should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motions to vacate, set aside or correct sentence (1:05CR343-1, Docket No. 50; 1:05CR344-1, Docket No. 49.) be **DENIED** and that Judgment be entered dismissing these actions.

                                        /s/ Russell A. Eliason
                                      United States Magistrate Judge

September 23, 2008

---

[2] It is worth noting on this point that, even to the untrained eye, Petitioner's writing sample bears a striking and obvious resemblance to the demand notes. (1:05CR343, Docket No. 57; 1:05CR344-1, Docket No. 56, Ex. 2.)